Dear Mr. Taylor:
This office is in receipt of your request for reconsideration of Atty. Gen. Op. No. 96-218 in regard to the possibility of serving as Fire Chief of a Fire District and in the elected position of Constable of a Justice of the Peace Court in the same Parish.
It was concluded that R.S. 42:63 (D) prohibits a person holding an elective office in a political subdivision of the state from holding at the same time a full-time appointive office in the government of this state or in the government of a political subdivision thereof. Therefore, assuming the position of Fire Chief was full-time and holding it was an appointive office there would be a violation of the dual officeholding statute.
We recognize there are earlier opinions of this office which reached conflicting conclusions as to whether the position of fire chief was an appointive or employment position, Atty. Gen. Op. No. 92-61 and Atty. Gen. Op. No. 90-283.
Atty. Gen. Op. No. 90-283, without reference to the definition in R.S. 42:62 (2), advised you that the position as fire chief was as an employee, and did not violate the dual officeholding statute.
Atty. Gen. Op. 92-61 quoted R.S. 42:62 (2) as follows:
 "Appointive office" means any office in any branch of government or other position on an agency, board or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which if filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
Based upon this provision it was noted that the position of fire chief is appointed by the Board of Supervisors of the Fire District which Board is appointed by the Police Jury. It was concluded, "Therefore, the position is one filled by appointment by `an elected or appointed public official or by a governmental body composed of such officials' see LSA R.S. 42:62(2)." It was further observed that the remaining question was whether the position of fire chief is one "specifically established or specifically authorized by the constitution or laws . . . or by the charter or ordinance." It was concluded under R.S. 33:1972
(B) there was provision for a fire chief, and in municipalities with fire civil service the position of chief is established in R.S. 33:2481 (A)(1). It was held an elected town alderman cannot hold the position of appointed fire chief under R.S. 42:63 (D).
We now recall Atty. Gen. Op. No. 90-283, and reaffirm Atty. Gen. Op. No. 92-61.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ________________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR